## Edgar C. Davis
### v.
## Frank Gurney.

*Fraud—Judgment—Action on—Settlement of—*Duress.

In an action brought upon a judgment before a justice, where the defense

Davis v. Gurney.

was that the judgment sued on had been settled, it is *held:* That there was evidence to sustain the finding of the jury that the alleged settlement was fraudulent and void.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. CAREY & TRAINOR, for appellant.

Messrs. BUTTERS & DYER and A. T. LARDIN, for appellee.

C. B. SMITH, P. J.   This proceeding was begun originally before a justice of the peace by Gurney against Davis, to recover for labor.   A trial before the justice resulted in favor of Gurney who obtained a judgment of $40.69.   After this judgment was obtained by Gurney, Davis pretended to have taken an appeal to the Circuit Court and then told Gurney if he did not settle the judgment he could have him indicted and sent to the penitentiary for false swearing.in obtaining the judgment.   Batchelder, before whom the judgment was obtained, also informed Gurney that Davis had taken an appeal, and that he had better settle the judgment as it would cost him more to prosecute it in the Circuit Court than it was worth.   In fact no valid appeal had been taken.   The twenty days had expired without any bond having been tendered, filed or approved by the justice.   A bond was filed two or three days after the expiration of the twenty days, but that was an absolutely void proceeding.   In a few days after this pretended appeal was taken, Gurney was approached by Davis and Batchelder and advised to settle the judgment, and Gurney swears that Davis threatened to send him to the penitentiary if he did not settle.   In this threat Gurney is supported by other witnesses.   Batchelder pretended to be the friend of Gurney and informed him that he had better settle, that an appeal had been taken, and that it would cost him $6 to get his case on the docket both of which statements were untrue Gurney was induced to meet Davis, Batchelder and Perdien, at the house of Davis, and there, under threats from Davis

and false advice from Batchelder, who was acting for Davis, though pretending to be the friend of Gurney, induced him to go through what they called a settlement which resulted in his giving up his entire judgment and also to pay the costs amounting to $12.95 and signing an agreement to that effect.

The proof in this case shows Gurney to have been a young man earning his living by day labor and of a low order of mental capacity. This pretended settlement was made on the 15th day of October, 1888. On the 27th of the same month Gurney repudiated this settlement as fraudulent, and as having been obtained from him through the fraud and duress of Davis and Batchelder, and began another suit on said judgment before another justice. On the trial of that suit, the plaintiff, Gurney, obtained a judgment for $40, the full amount of his judgment. From that judgment Davis appealed to the Circuit Court and another trial was there had, and Gurney again obtained a verdict before the jury for $40. That verdict was set aside and a new trial granted. Another trial before a jury resulted, as all the trials had, in favor of Gurney for $40. Judgment was rendered on that verdict for plaintiff. Davis now appeals to this court and seeks a reversal of the judgment on the sole ground that the verdict is not sustained by the evidence.

After three or four trials of this suit, on a single question of fact before different juries, all finding the same way, we should want to be well satisfied that the verdict was wrong before setting it aside. On the contrary, we are satisfied with the finding of the jury and think they were justified, from the evidence, in finding as they did. The circumstances under which this pretended settlement was made is not free from suspicion of unfairness, fraud and overreaching, and we are not surprised that the jury should come to that conclusion.

The language of the contract signed by Gurney and prepared by Batchelder at Davis' house, is very circumstantial in its character and shows design on its face out of all proportion to what would be necessary in an ordinarily straightforward settlement of a $50 judgment.

Seeing no error in this record the judgment is affirmed.

*Judgment affirmed.*